Filed 3/24/16  P. v. Ball CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D065795 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS267008) |
| ADRIENNE RENEE BALL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Garry G. Haehnle, Judge.  Reversed with directions.

Susan L. Ferguson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr. and Lise S. Jacobson, Deputy Attorneys General, for Plaintiff and Respondent.

We reverse defendant and appellant Adrienne Renee Ball's conviction in this case, because, as she contends, the record does not establish that the terms of her plea

agreement were enforceable and valid.

Ball pled guilty to one charge of arson in return for, among other matters, an opportunity to be considered for treatment in a diversion program for mentally ill offenders. Although Ball was not accepted into the program, there is no record that sets forth the reason or reasons she was not accepted into the program. The absence of a record on that issue prevents us from determining whether the plea bargain was illusory. Thus, we remand the case with directions that Ball once again be considered for the diversion program, which was a material part of her plea agreement, and that, if she is again not accepted into the program, a record setting forth the reasons the program rejected her be made.

## FACTUAL AND PROCEDURAL BACKGROUND

There is no dispute in the record that on September 9, 2013, Adrienne Ball broke into an apartment that had been leased to Ball's mother's boyfriend. The boyfriend was not in the apartment at the time of the break-in. Ball took the boyfriend's laptop computer, credit cards, and other personal property, and set the apartment on fire.

Ball was arrested and charged with arson of an inhabited structure (Pen. Code, § 451, subd. (b)), residential burglary (Pen. Code, § 459), and receiving stolen property (Pen. Code, § 496, subd. (a)). On January 21, 2014, Ball pled guilty to the arson charge, and, in exchange, the district attorney agreed that the remaining charges would be dismissed and that she would be considered for disposition by the trial court's Behavioral Health Court (BHC). The plea agreement further provided that if Ball was not accepted into BHC, a five-year prison sentence would be imposed.

Ball was evaluated by BHC and was not accepted into its program. There is no

2

record of the reasons she was not accepted.  Thereafter, Ball was sentenced to the stipulated five-year prison term.

## DISCUSSION

On appeal, Ball contends that her conviction must be reversed because there is no record of the reasons she was not accepted into the BHC program.  We agree.

As noted by the Attorney General, BHC is a program of the trial court funded by Proposition 63, which was adopted by the voters in 2004.  BHC promotes public safety by providing eligible offenders a program of intense individualized treatment, supervision, and alternatives to custody.  In order to be eligible for BHC, an offender must be eligible for probation and have a diagnosed serious mental illness.  There are also a number of disqualifying circumstances that make an offender ineligible for BHC, including mental incompetence, being a parolee, being a sex offender registrant, and being charged with a firearm, knife, great bodily injury, or sex offense.[1]

As we have noted, there is no indication in the record with respect to why Ball was not accepted by BHC.  In particular, her counsel in the trial court has no recollection of why Ball was not accepted and no notes or files that would shed light on the issue.  The difficulty we have here is that without some indication in the record as to the reasons Ball was not accepted into BHC, we have no means of determining whether at the time she entered into her plea bargain, she was at all eligible or qualified for the program.  In particular, we note that her arson conviction made her presumptively ineligible for parole.

---

[1]     BHC is a collaborative effort of the public defender, the district attorney, the sheriff's department, the probation department, the county mental health services, and the City of San Diego.

3

(Pen. Code, § 1203.)  If she was not eligible or qualified for the program, then arguably her plea was induced by an invalid, illusory promise, and she is entitled to withdraw it. (See *People v. DeVaughn* (1977) 18 Cal.3d 889, 896.)

It is axiomatic that a criminal defendant is entitled to "an appellate record that is adequate to permit meaningful review."  (*People v. Young* (2005) 34 Cal.4th 1149, 1170.) Here, we have no means of determining whether the terms of Ball's plea bargain were illusory.  Accordingly, we must reverse her conviction and provide the People an opportunity to meet the terms of the plea agreement and provide a record which shows that it has done so.

### DISPOSITION

The judgment of conviction is reversed and remanded with directions that Ball once again be considered for BHC, and, if she is again not accepted into the program, a record setting forth the reasons the program rejected her be made.

BENKE, Acting P. J.

WE CONCUR:

HUFFMAN, J.

McDONALD, J.

4